Rel: July 17, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2026

_____

### CL-2026-0089

_____

### Julie Kate Conlee

### v.

### Clark Olin Conlee

### Appeal from Madison Circuit Court
### (DR-25-351)

EDWARDS, Judge.

In July 2025, Clark Olin Conlee ("the father") filed in the Marshall Circuit Court a petition seeking to modify the child-custody and child-support provisions of an April 2018 judgment divorcing him from Julie Kate Conlee ("the mother"), which had, among other things, awarded the

parties joint legal custody of the parties' child, A.C. ("the child"), awarded the mother sole physical custody of the child, and ordered the father to pay to the mother child support on behalf of the child.[1] The father also filed a motion seeking an award of ex parte temporary emergency custody of the child, which the Marshall Circuit Court granted. The Marshall Circuit Court set a pendente lite hearing; however, the mother filed a motion seeking a transfer of the modification action to the Madison Circuit Court, which the Marshall Circuit Court granted.

After the transfer of the modification action was accomplished, the mother filed a motion in the Madison Circuit Court ("the trial court") seeking guidance regarding whether the father's status as temporary custodian permitted him to enroll the child in the Arab City School System. After a hearing on that issue, on August 11, 2025, the trial court entered an order determining that the child would remain in the custody of the father pending a September 2025 pendente lite hearing and allowing the father to enroll the child in the Arab City School System.

---

[1]The 2018 divorce judgment had been amended in certain aspects by a 2020 contempt judgment, including by increasing the father's child-support obligation, but the provisions relating to custody had remained unchanged.

The September 2025 pendente lite order also determined that the child would remain in the custody of the father pending resolution of the litigation.

On December 23, 2025, the trial court entered an order awarding "custody" of the child to the father and visitation to the mother.[2] The

---

[2]As we have explained before, "our legislature defined only five types of custody a trial court may consider in fashioning a custody award." Reeves v. Fancher, 210 So. 3d 595, 597 (Ala. Civ. App. 2016). Those types of custody are set out in Ala. Code 1975, § 30-3-151, as follows:

"(1) Joint custody. Joint legal custody and joint physical custody.

"(2) Joint legal custody. Both parents have equal rights and responsibilities for major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training. The court may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.

"(3) Joint physical custody. Physical custody is shared by the parents in a way that assures the child frequent and substantial contact with each parent. Joint physical custody does not necessarily mean physical custody of equal durations of time.

"(4) Sole legal custody. One parent has sole rights and responsibilities to make major decisions concerning the child, including, but not limited to, the education of the child, health care, and religious training.

modification order did not award child support; instead, the modification order stated that, "[a]s the father is seeking no child support, none is ordered," which reflected the father's testimony at trial that he was not seeking child support from the mother. The modification order failed to address the father's request at trial that the legal-custody provisions of the 2018 divorce judgment be modified to award him final decision-

---

"(5) Sole physical custody. One parent has sole physical custody and the other parent has rights of visitation except as otherwise provided by the court."

This court has concluded that, when one parent is awarded a form of custody not described in § 30-3-151, like "primary physical custody" or "primary residential custody" and the other parent is awarded visitation, we may conclude that the custodial parent was awarded "sole physical custody." See B.C.H. v. M.H., 323 So. 3d 661, 669 (Ala. Civ. App. 2020) (interpreting the term "primary residential custody," which was coupled with an award of standard visitation to the other parent, as an award of "sole physical custody"); Reeves, 210 So. 3d at 597-98 n.1 ("Parties and trial courts often use the nonstatutory term 'primary physical custody' in place of 'sole physical custody' in describing an award of physical custody to one of the parties. An award of 'primary physical custody' generally, as in this case, denotes an award of 'sole physical custody' as that term is defined in § 30-3-151."). As we have cautioned before, the failure to use the terms set out in § 30-3-151 results in custody judgments that are "unclear and … serve only to confuse the issue of custody." Harris v. Harris, 775 So. 2d 213, 214 (Ala. Civ. App. 1999). In the present case, as discussed infra, the modification order awards the father "custody" and does not indicate whether the parties retain joint legal custody, creating significant confusion regarding the scope of the custody award in the modification order.

4

making authority over academic and medical/dental decisions, which the 2018 divorce judgment had assigned to the mother. In addition, the modification order does not contain a provision denying all relief not otherwise addressed in the order or a provision indicating that all aspects of the 2018 divorce judgment not modified remain in effect.

The mother filed a motion seeking reconsideration of the modification order, which the trial court denied. She then filed an appeal to this court. Based on the absence of a child-support award, this court requested letter briefs from the parties regarding the finality of the modification order.

The father, in his letter brief, contends that the modification order is not final. He points out that the modification order fails to address his request that his child-support obligation be terminated and that the record does not contain any of the necessary child-support forms required by Rule 32, Ala. R. Jud. Admin. He further contends that the failure of the trial court to address such issues as the division of the payment of the child's noncovered medical expenses and which parent would pay health-insurance premiums renders the modification order nonfinal.

> "'The question whether a judgment is final is a jurisdictional
> question, and the reviewing court, on a determination that the

5

judgment is not final, has a duty to dismiss the case.' Hubbard v. Hubbard, 935 So. 2d 1191, 1192 (Ala. Civ. App. 2006) (citing Jim Walter Homes, Inc. v. Holman, 373 So. 2d 869, 871 (Ala. Civ. App. 1979)). '[A] final judgment is a "terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants."' Dees v. State, 563 So. 2d 1059, 1061 (Ala. Civ. App. 1990) (quoting Tidwell v. Tidwell, 496 So. 2d 91, 92 (Ala. Civ. App. 1986))."

Butler v. Phillips, 3 So. 3d 922, 925 (Ala. Civ. App. 2008). "An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties." Carlisle v. Carlisle, 768 So. 2d 976, 977 (Ala. Civ. App. 2000).

As the mother points out, a trial court's failure to award child support -- as opposed to failing to resolve a child-support claim -- does not affect the finality of the modification order. Compare Pitts v. Pitts, 306 So. 3d 890, 895 (Ala. Civ. App. 2020) (explaining that, "[r]egardless of the merits of the judgment, the denial of child support … did not render the November 30, 2018, judgment nonfinal"), with Blasdel v. Blasdel, 27 So. 3d 1288, 1290 (Ala. Civ. App. 2009) (concluding that an order that reserved jurisdiction to award child support in the future after the occurrence of a specified event was not a final judgment because of the failure to adjudicate the child-support claim), and Tomlinson v.

6

Tomlinson, 816 So. 2d 57, 58 (Ala. Civ. App. 2001) (concluding that an order that reserved jurisdiction to award child support in the future after the parties submitted the appropriate child-support forms was not a final judgment because of the failure to adjudicate the child-support claim). In the present case, the father withdrew his request that the mother pay child support at the trial, and the trial court memorialized that withdrawal in the modification order.[3] At the time of the entry of the modification order, no child-support claim against the mother was pending for the trial court to resolve.[4]

---

[3]Certainly, as our supreme court has stated, "'the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement.'" Ex parte State ex rel. Summerlin, 634 So. 2d 539, 542 (Ala. 1993) (quoting Willis v. Levesque, 402 So. 2d 1003, 1004 (Ala. Civ. App. 1981)). We have indicated that a parent's failure to request child support does not affect the other parent's duty to pay child support on behalf of his or her child. Blasdel v. Blasdel, 27 So. 3d 1288, 1290 n.4 (Ala. Civ. App. 2009).

[4]We further note that the record contains no evidence relating to the parties' incomes upon which the trial court could have based a child-support award, presumably because the father did not seek an award of child support. Because child support was not at issue, any failure of the parties to file the child-support forms required by Rule 32, Ala. R. Jud. Admin., would be, if error at all, harmless error. See Rule 45, Ala. R. App. P.

Insofar as the father contends that the modification order was rendered nonfinal based on the trial court's failure to address such issues as the division of the payment of the child's noncovered medical expenses and which parent would pay health-insurance premiums, we disagree. We note that such issues are connected to an award of child support. See Rule 32(A)(4) ("All orders establishing or modifying child support shall, at a minimum, provide for the children's health-care needs through private or public health-care coverage and/or cash medical support."); Comment to Rule 32 (As Amended to Conform to Amendments Effective October 4, 1993) ("The Schedule of Basic Child Support Obligations assumes that a family of four will have approximately $200 in unreimbursed medical expenses each year. … Courts and parties may wish to consider whether noncovered medical and/or dental expenses should be allocated in the same percentages as the health insurance premiums are allocated pursuant to this rule and as entered on the Child Support Guidelines form (Form CS-42).");[5] see also West v. Rambo, 786

_____

[5]The 2009 and 2022 amendments to Rule 32 have increased the amount of assumed unreimbursed medical expenses each year to $250. See Comment to Amendments to Rule 32 Effective January 1, 2009; Comment to Amendments to Rule 32 Effective March 1, 2009; and Comment to Amendments to Rule 32 Effective May 1, 2022.

So. 2d 1138, 1142 (Ala. Civ. App. 2000).  Because the husband withdrew his request for child support and because he did not make any argument at trial regarding health insurance or the division of the payment of uncovered medical expenses, those issues were not presented to the trial court for decision and therefore were not left unresolved by the modification order.

We also reject the father's argument that the modification order is not a final judgment based on the failure of the trial court to adjudicate his request that his child-support obligation under the 2018 divorce judgment, as amended by the 2020 contempt judgment, see note 1, supra, be terminated.  This court has held that, when a former noncustodial parent becomes a custodial parent under a judgment, his or her obligation to pay child support is "effectively terminated" and that the former custodial parent is "no longer entitled to child support." Cunningham v. Cunningham, 480 So. 2d 1238, 1241 (Ala. Civ. App. 1985).[6]  Thus, the trial court's failure to specifically address the father's

---

[6]We recognize that the father in Cunningham v. Cunningham, 480 So. 2d 1238 (Ala. Civ. App. 1985), became the custodial parent under what appears to be a reversionary clause in the parties' divorce judgment, 480 So. 2d at 1240, and that custodial reversionary clauses are disfavored

request to terminate his child-support obligation under the 2018 divorce judgment, as amended by the 2020 contempt judgment, does not affect the finality of the modification order.

However, as the father points out in his letter brief, the father specifically requested at trial that the legal-custody provisions of the 2018 divorce judgment be modified so as to grant him final decision-making authority over academic and medical/dental decisions concerning the child.[7] The modification order awards the father "custody" and awards the mother visitation, which we interpret as an award of "sole

---

and are considered to be ineffective because they are based on speculation regarding the child's future best interests. See Bird v. Bandy, 192 So. 3d 1165, 1169 (Ala. Civ. App. 2015), and Hovater v. Hovater, 577 So. 2d 461 (Ala. Civ. App. 1990). Nonetheless, the principle that the placement of a child in the sole custody of the former noncustodial parent extinguishes that parent's former child-support obligation is not affected by the impropriety of the provisions of the divorce judgment at issue in Cunningham.

[7]The mother did not object to the father's request; thus, that issue was tried by the implied consent of the parties. See Rule 15(b), Ala. R. Civ. P.; T.C.S. v. D.O., 156 So. 3d 418, 421 n.1 (Ala. Civ. App. 2014) (determining that a claim seeking an award of joint legal custody was tried by the implied consent of the parties because, although the mother had not pleaded such a claim, "on the last day of the hearing, however, the mother expressly sought an award of joint legal custody, and the father did not object to the mother's presentation of evidence on that claim").

physical custody" to the father as defined in Ala. Code 1975, § 30-3-151(5), see note 2, supra, but the modification order does not address the father's request to modify the legal-custody provisions of the 2018 divorce judgment. In fact, other than reciting the fact that the 2018 divorce judgment awarded the parties joint legal custody, the modification order does not mention the term "legal custody" at all. As previously noted, the modification order contains neither a provision indicating that all aspects of the 2018 divorce judgment not modified by the modification order remain effective nor a blanket denial of any claims not addressed in the modification order. Thus, the father's request to be awarded final decision-making authority over academic and medical/dental decisions concerning the child remains unadjudicated.

"'"When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu."'" J.M.M. v. J.C., 50 So. 3d 1076, 1078 (Ala. Civ. App. 2010) (quoting Young v. Sandlin, 703 So. 2d 1005, 1008 (Ala. Civ. App. 1997), quoting in turn Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So. 2d 359, 360 (1974)). The trial court failed to adjudicate the father's request that aspects of the legal-custody provisions of the 2018

11

divorce judgment be modified, which prevents the modification order from being a final judgment capable of supporting this appeal. See S.J.H. v. N.T.S., 301 So. 3d 843, 848 (Ala. Civ. App. 2020). Accordingly, the mother's appeal is dismissed.

APPEAL DISMISSED.

Moore, P.J., and Hanson and Fridy, JJ., concur.

Bowden, J., concurs in the result, without opinion.